# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOE BALTAS,
    *Plaintiff,*

    v.

DAVID SNYDER, *et al*,
    *Respondents.*

No. 3:24cv1487 (VAB)

## RULING ON MOTION TO RECONSIDER

Before the Court is Plaintiff Joe Baltas's motion to reconsider the Court's initial review order ("IRO"). ECF No. 25.

For the following reasons, the motion for reconsideration is **DENIED**.

## I.  BACKGROUND

The Court entered an IRO permitting Mr. Baltas to proceed on his claims alleging that state officials violated his rights under the First, Sixth, Eighth, and Fourteenth Amendments, 42 U.S.C. § 1981, and RLUIPA. *See* IRO, ECF No. 22 at 34–35. The Court dismissed all other claims without prejudice. *Id.* at 35. Mr. Baltas has now filed a motion to reconsider the Court's IRO, asserting that the Court overlooked certain claims and erroneously dismissed others. *See* MTR, ECF No. 25.

## II.  STANDARD OF REVIEW

Rule 7(c) of the Local Civil Rules of the United States District Court for the District of Connecticut allows for the filing of motions "for reconsideration." D. Conn. L. Civ. R. 7(c). The Second Circuit has held that "[m]otions for reconsideration under [the District of Connecticut's Local Civil Rules] . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e)—each seeks to reopen a district court's decision on the

theory that the court made mistaken findings in the first instance." *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991). In general, three grounds justify reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

"A motion for reconsideration is committed to the sound discretion of the court." *Kregos v. Latest Line, Inc.*, 951 F. Supp. 24, 26 (D. Conn. 1996). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000).

Accordingly, "[a] motion for reconsideration may not be used to plug gaps in an original argument [,] to argue in the alternative once a decision has been made," *SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 87, 91 (D. Conn. 2006) (quotation omitted), "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation omitted).

## III.    DISCUSSION

Mr. Baltas's motion to reconsider raises essentially two arguments: (1) the Court failed to review certain claims; and (2) the Court erroneously dismissed other claims. *See* MTR, ECF No. 25 at 4, 7.

The Court will address each of these arguments, in turn.

### A.    The Court's Alleged Failure to Review Certain Claims

Mr. Baltas argues that  the Court failed to review five claims: (1) a due process claim related to his transfer to Rhode Island DOC (Claim 10); (2) a claim related to SRG discrimination (Claim 13); (2) a claim related to the Interstate Agreement on Detainers ("IAD") (Claim 18); a claim related to liberty interests (Claim 19); and a claim related to abuse of process (Claim 23). MTR, ECF No. 25 at 4–7.

The Court disagrees.

As to this first alleged claim, Mr. Baltas appears to allege that all named Defendants violated his rights under the Fourteenth Amendment by transferring him to Rhode Island DOC. *See* Compl., ECF No. 1 at 69–70. But the Court stated in the IRO that "an inmate has no Eighth or Fourteenth Amendment right to be confined at a particular prison facility." IRO, ECF No. 22 at 10 (citing, *inter alia*, *McCarthy v. Teta*, 101 F.3d 108 (2d Cir. 1996) ("McCarthy's due process claim fails because he does not have a liberty interest in a transfer to a federal prison or a different state prison system. Prison transfers do not implicate a liberty interest in the absence of state law suggesting otherwise.")).

Thus, the Court did not overlook this claim. Even if it had, such a claim would not be viable. *See*, *e.g.*, *Campbell v. Lantz*, No. 3:19-CV-1512 (CSH), 2019 WL 6771417, at *6 (D. Conn. Dec. 12, 2019) (dismissing claim that "Defendants violated his right to due process under the Fourteenth Amendment by failing to provide him with a hearing in connection with his

transfer" because "Plaintiff has no constitutional right to be housed in any particular correctional facility.").

As to his second alleged claim, Mr. Baltas alleges that all named Defendants "subject[ed] the Plaintiff to being labeled SRG . . . and stigmatized and discriminated against for the immutable trait of parentage," in violation of his First and Fourteenth Amendment rights. Compl., ECF No. 1 at 72. But the Court stated in its IRO that it would "permit [Mr. Baltas] to proceed against the CT DOC and CT AG Defendants for class-based discriminatory treatment due to his Native American ethnicity and religion." IRO, ECF No. 22 at 18. As a result, the Court did not overlook this claim.

As to his third alleged claim, Mr. Baltas alleges that all named Defendants acted in concert to deprive him of a right to a speedy trial. *See* Compl., ECF No. 1 at 76. In his motion to reconsider, he argues that "[t]he Court clearly overlooked Plaintiff's claims under the IAD and should reconsider his Ruling to incorporate them." MTR, ECF No. 25 at 4. But this claim is a speedy trial claim under the federal and state constitutions and the IAD, *see* Compl., ECF No. 1 at 76, and the Court permitted it to proceed for further development of the record. *See* IRO, ECF No. 22 at 23 ("Accordingly, Mr. Baltas's Sixth Amendment claim of speedy trial deprivation against the CT DOC Defendants and CT AG Defendants will proceed for further development of the record. on his."**).** Thus, the Court did not overlook it.

As to his fourth alleged claim, Mr. Baltas alleges that all named Defendants violated his rights under the New England ICC. Compl., ECF No. 1 at 76–77. But the Court dismissed this claim in the IRO because "violations of the ICC do not constitute violations of federal law." IRO, ECF No. 22 at 27 (citing *Baltas v. Maiga*, No. 3:20CV1177 (MPS), 2021 WL 2206966, at *5 (D. Conn. June 1, 2021)). As a result, the Court did not overlook it.

4

Finally, as to his fifth alleged claim, Mr. Baltas alleges that "Defendants have engaged in a persistent pattern of abuse of the ICC against this Plaintiff . . . ." Compl., ECF No. 1 at 80. As stated above, the Court dismissed any claims based on the ICC because they were not cognizable in a § 1983 suit. *See* IRO, ECF No. 22 at 27. Thus, the Court did not overlook this claim, either.

Accordingly, because Mr. Baltas has pointed to no "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257, as to these five claims, his motion to reconsider the IRO grounds will be denied.

### B.    The Court's Alleged Erroneous Dismissal of Claims

Mr. Baltas also argues that the Court erroneously dismissed his (1) Eighth Amendment conditions of confinement claim; (2) Eighth Amendment transfer claim; (3) Fourth and Fourteenth Amendment property claim; (4) Equal Protection claim; (5) ADA/RA claim; (6) conspiracy claims; (7) and ICC claims. *See* MTR, ECF No. 25 at 7–16.

The Court disagrees.

As to his Eighth Amendment treatment and conditions in Rhode Island claim, *see* MTR, ECF No. 25 at 7, Mr. Baltas failed to allege sufficiently allege that the CT DOC Defendants and CT AG Defendants were personally involved in Mr. Baltas's treatment and conditions in Rhode Island. *See* IRO, ECF No. 22 at 25 ("Here, the alleged facts do not support a claim that the CT DOC Defendants or CT AG Defendants were personally involved with the excessive force; excessive strip and cell searches; isolation, solitary confinement, and twenty-four confinement; unsanitary and unhealthful confinement conditions; inability to access HSC's law library or legal resources; deprivations with his exercise, non-legally related visitations and communications,

sleep, adequate food, and educational and rehabilitation programming; and discipline without adequate due process."). While Mr. Baltas argues that the Court overlooked that he alleged that "the conditions and restrictions imposed on him were directly ordered by Defendants prior to his transfer." MTR, ECF No. 25 at 7 (citing Compl., ECF No. 1 ¶¶ 87–89, 99), these conclusory allegations fail to establish personal involvement. *See* IRO, ECF No. 22 at 31 ("Mr. Baltas provides no factual allegations that 'reasonably lead to the interference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common or unlawful plan.' Instead, Mr. Baltas provides only conclusory allegations that Defendants 'met, conferred and/or communicated and devised and created a transfer plan.'" (first quoting *Buari v. City of New York*, 539 F. Supp. 3d 356, 394 (S.D.N.Y. 2021), then quoting Compl., ECF No. ¶ 88)). Mr. Baltas asserted no non-conclusory facts in his Complaint suggesting that Defendants were personally involved in his treatment and conditions in Rhode Island. As a result, this claim was properly dismissed.

As to his Eighth Amendment transfer claim, *see* MTR, ECF No. 25 at 10, Mr. Baltas failed to "allege facts to suggest he communicated any specific threat to his safety and wellbeing if transferred to HSC in December 2023." IRO, ECF No. 22 at 12. In his motion for reconsideration, Mr. Baltas simply seeks to "plug gaps in an original argument" or "argue in the alternative once a decision has been made." *SPGGC, Inc.*, 408 F. Supp. 2d at 91. As a result, the Court declines to reconsider dismissal of this claim.

As to his Fourth and Fourteenth Amendment property claims, *see* MTR, ECF No. 25 at 11, Mr. Baltas "ha[d] not sustained a property seizure covered under the Fourth Amendment," IRO, ECF No. 22 at 13, and as to his Fourteenth Amendment property claim, "the State of Connecticut provides adequate state court remedies" to address property deprivations. *Id.* at 14.

6

While Mr. Baltas argues that the Fourth Amendment protects him against property seizures, *see* MTR, ECF No. 25 at 12, the relevant caselaw suggests otherwise. *See Hudson v. Palmer*, 468 U.S. 517, 526, 528 n.8 (1984) ("[T]he Fourth Amendment does not protect against seizures in a prison cell[.]")**.** And, while he argues that he has no state remedy available in Rhode Island to address his property deprivation, *see* MTR, ECF No. 25 at 12, once again, the relevant caselaw suggests otherwise. *See Ramos v. Malloy*, No. 3:18- CV-615 (VAB), 2018 WL 1936144, at *3 (noting CT DOC has established an administrative remedy procedure relevant to an inmate's lost or destroyed property and citing Directive 9.6(16)(B)); *Parker v. Wall*, No. C.A. 10-040 ML, 2010 WL 4455818, at *4 (D.R.I. Oct. 6, 2010), *report and recommendation adopted*, No. CA 10-040 ML, 2010 WL 4455677 (D.R.I. Oct. 29, 2010) (noting "the state of Rhode Island provides post-deprivation state remedies for property loss claims"); *Pelumi v. Landry,* No. 08–84, 2008 WL 2660968, at * 3 (D.R.I. June 30, 2008) (noting post-deprivation tort remedies are available under Rhode Island law for property loss claim against state official). As a result, neither of these claims warrant reconsideration of the Court's IRO.

As to his equal protection claim, *see* MTR, ECF No. 25 at 12, Mr. Baltas's allegations in support of his "class of one" equal protection claim were too conclusory. *See* IRO, ECF No. 22 at 18 ("Mr. Baltas's allegations, however, are too conclusory to permit his 'class of one' claim against the CT DOC and CT AG Defendants to proceed. Significantly, there is nothing in this Complaint to plausibly suggest how Mr. Baltas knows that he 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" (citations omitted)**).** Thus, Mr. Baltas fails to point to any "controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion

reached by the court," *Shrader*, 70 F.3d at 257, in his motion to reconsider. As a result, this is not a basis for reconsidering the Court's IRO.

As to his ADA/RA claim, *see* MTR, ECF No. 25 at 13, Mr. Baltas did not "allege facts to describe how he was discriminated against because of a qualifying disability or was denied any opportunity to participate or benefit from services or programs because of that qualifying disability." IRO, ECF No. 22 at 28. While he now argues that his confinement in segregation denies him programs and services that general population inmates may access, *see* MTR, ECF No. 25 at 13 ("Plaintiff is disabled due to his severe mental illness, he is segregated due to his mental illness, because he is so confined he is denied the programs and services provided to [the] gen[eral] pop[ulation]."), these arguments do not amount to a plausible allegation that any such denial occurred on account of a "qualifying disability." As a result, this is not a basis for reconsidering the Court's IRO

As to his conspiracy claims, *see* MTR, ECF No. 25 at 13, his § 1983 conspiracy claim lacked sufficient facts suggesting that Defendants "positively or tacitly came to a mutual understanding to try to accomplish a common or unlawful plan." IRO, ECF No. 22 at 31; his § 1985 conspiracy claim lacked allegations of racial or class-based discriminatory animus; and his § 1986 conspiracy claim failed because his § 1985 claim failed. *See id.* at 31–32 ("For his § 1985 claim, Mr. Baltas has not alleged any racial or class-based discriminatory animus. Therefore, any conspiracy claims under this statute must be dismissed. . . . In the absence of a valid § 1985 claims, any claim brought under § 1986 also fails."). Mr. Baltas's argument states that he "adequately plead conspiracy, and that the Court is holding him to an improper heightened standard and not interpreting matters in his favor," MTR, ECF No. 25 at 13, fails to point to any "controlling decisions or data that the court overlooked . . . that might reasonably be expected to

8

alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. As a result, this is not a basis for reconsidering the Court's IRO.

Finally, as to his ICC claims, *see* MTR, ECF No. 25 at 14, his reliance on recent Second Circuit caselaw is misplaced, and not grounds for reconsidering the Court's IRO. *See Baltas v. Maiga*, No. 22-2895-PR, 2024 WL 4474409, at *2 (2d Cir. Oct. 11, 2024) ("Even assuming that the ICC is a source of federal rights, those rights are not clearly established[.]"). As a result, this is not a basis for reconsideration of the Court's IRO.

Accordingly, there is no basis for reconsidering the Court's IRO based on Mr Baltas's argument of erroneous decisions because he points to no "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

## III.    CONCLUSION

For the foregoing reasons, Mr. Baltas's motion to reconsider is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 13th day of June, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE